■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CAROL ELEUTERIO, Appellant.— Judgment insofar as it imposes sentence unanimously modified as a matter of discretion in the interest of justice in accordance with memorandum and as modified affirmed. Memorandum: Appellant pleaded guilty to manslaughter first degree in satisfaction of an indictment which charged her with the murder of her husband. The trial court held an extensive presentence hearing at which medical and lay witnesses testified. That evidence developed that appellant was the child of divorced parents and that her father was an alcoholic who was chronically unemployed. At the time of this killing she was 25 years of age, had an above average I.Q. and had attended college. She had been married to the decedent for five years and has two infant daughters. Throughout the marriage the couple drifted from town to town, the decedent worked only irregularly and the support of the family was left largely to appellant. Her relationship with her husband was poor. He had physically assaulted her frequently. She tried on several occasions to leave him but he refused to permit it. Shortly before the killing she left decedent, moved to Watertown and instituted divorce proceedings. Decedent followed her and insisted that she terminate the divorce action. Fearing injury to herself and her children she allowed him to move in with the family again. Only five days before the killing the Watertown police were summoned to the couple's apartment and were required physically to restrain decedent who was whipping appellant with the buckle end of a large leather belt. Appellant was hospitalized for treatment of her injuries. On the night of the killing decedent and appellant argued again about separating. Decedent refused to do so, verbally abused her and struck her in the face. He then got his .22 caliber pistol, cleaned it and placed it on his pillow next to him before going to sleep. During the night appellant awoke and using her husband's gun fired two shots into his head. She then drove to the police station with the gun and turned herself in. Appellant pleaded not guilty by reason of insanity. The medical testimony established that she was suffering from severe emotional problems, was suicidal and had sought psychiatric help during her marriage. One of her medical witnesses testified that, in his opinion, at the time of the killing appellant was in "an acute psychotic condition" and that she lacked the capacity to know or appreciate "the nature of her conduct". Her other medical witness stated that in his opinion she was "functioning at a psychotic level" and that at the time of the killing she "was not in control of her emotions or behavior". Both doctors testified that appellant required serious and extensive psychiatric treatment on an outpatient basis. The trial court sentenced appellant to an indeterminate term of imprisonment not to exceed 12 years. Considering the highly credible evidence that appellant lacked the mental capacity to commit this crime and considering the conditions of extreme provocation, we find that sentence excessive and reduce it to an indeterminate term not to exceed four years. Since appellant has been imprisoned for approximately one and one-half years, she should be eligible for early release but subject to close parole supervision which should include the condition that she obtain psychiatric

treatment. The other points in the brief do not require discussion or reversal of the judgment. (Appeal from judgment of Jefferson County Court, convicting defendant of manslaughter, first degree.) Present — Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.